IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>    *Plaintiff*,<br><br>  v.<br><br>**AMERCO, ET AL.**<br><br>    *Defendants*. | Case No. 2:11-cv-421-DF-CMC<br><br>**Jury Trial Demanded** |

**DEFENDANTS' ANSWER TO**
**GEOTAG, INC.'S COMPLAINT AND COUNTERCLAIMS**

Defendants AMERCO, EMove, Inc. ("EMove"), U-Haul International, Inc. ("U-Haul International"), U-Haul Leasing & Sales Co. ("U-Haul Leasing"), and Web Team Associates, Inc. ("Web Team Associates") (collectively, "Defendants"), hereby submit this Answer to Plaintiff's Original Complaint ("Complaint").

**PARTIES**

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis, deny the allegation.

2.  Defendant AMERCO denies the allegations in Paragraph 2 as to its principal place of business but admits the remaining allegations in Paragraph 2 as to AMERCO's agent for service of process.

3.  Admitted.

4.  Admitted.

5.  Defendant U-Haul Leasing denies the allegations in Paragraph 5 as to its principal place of business but admits the remaining allegations in Paragraph 5 as to U-Haul Leasing's agent for service of process.

6. Admitted.

## JURISDICTION AND VENUE

7. Defendants admit that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code. Defendants admit that this Court has subject matter jurisdiction over patent matters pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants admit that they do business with persons or entities located in the Eastern District of Texas, and admit that AMERCO, EMove, U-Haul International and Web Team Associates have a website in some form that is accessible to residents in the Eastern District of Texas. Defendants deny any remaining allegations contained in Paragraph 7, and specifically deny that they have committed any acts of infringement or that the websites referenced herein comprise infringing methods or apparatuses that are used in this forum. Defendant AMERCO affirmatively alleges that it has no mapping capability on the website www.amerco.com. U-Haul Leasing affirmatively alleges that it has no website at all. Both allege that they should not have been named in this action.

8. Defendants admit that they do business with persons or entities located in the Eastern District of Texas, and admit that AMERCO, EMove, U-Haul International and Web Team Associates have a website in some form that is accessible to residents in the Eastern District of Texas. Defendants deny any remaining allegations contained in Paragraph 8, and specifically deny that they have committed any acts of infringement or that the websites referenced herein comprise infringing methods or apparatuses that are used in this forum. Defendant AMERCO affirmatively alleges that it has no mapping capability on the website www.amerco.com. U-Haul Leasing affirmatively alleges that it has no website at all. Both allege that they should not have been named in this action.

## COUNT I – ALLEGED PATENT INFRINGEMENT

9. Defendants admit that United States Patent No. 5,930,474 ("the '474 Patent") bears, on its face, the title "Internet Organizer For Accessing Geographically And Topically Based Information." Defendants admit that Exhibit A to the Complaint appears to be a copy of the '474 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is the owner by assignment of the '474 Patent, and on that basis, deny the allegation. Defendants deny any remaining allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11.

12. Paragraph 12 contains no factual allegations, and therefore does not require responsive pleading. To the extent a response is deemed required, Defendants deny any allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

Defendants deny each and every allegation in GeoTag's Complaint not specifically admitted above. Defendants specifically deny that GeoTag is entitled to any relief of any kind as a result of any act by Defendants or any person or entity acting on behalf of Defendants.

## PRAYER FOR RELIEF

No response is required to the prayer for relief. To the extent the prayer for relief contains any allegations that require a response, Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants do not infringe, and at all times relevant to this action have not infringed, any valid and enforceable claim of the '474 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

## THIRD DEFENSE

The '474 Patent is invalid because the disclosure and/or claims therein fail to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE

Plaintiff's attempted enforcement of the '474 Patent is barred, in whole or in part, by the doctrines of estoppel, implied license, laches, and/or waiver.

## FIFTH DEFENSE

Plaintiff's claim for infringement of the '474 Patent is barred in whole or in part by the equitable doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff's damages, if any, are limited for failure to comply with the marking requirements of 35 U.S.C. § 287.

## SEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law.

## COUNTERCLAIMS

AMERCO, EMove, Inc. ("EMove"), U-Haul International, Inc. ("U-Haul International"), U-Haul Leasing & Sales Co. ("U-Haul Leasing"), and Web Team Associates, Inc. ("Web Team Associates") (collectively, "Counterclaimants"), hereby file the following counterclaims against GeoTag, Inc. ("GeoTag"), and allege as follows:

## THE PARTIES

1. AMERCO, EMove, U-Haul International, U-Haul Leasing, and Web Team Associates are Nevada corporations. AMERCO and U-Haul Leasing have their principal place of business at 1325 Airmotive Way, Reno Nevada 89502. EMove, U-Haul International and Web Team Associates each have its principal place of business at 2721 N. Central Avenue, Phoenix, Arizona 85004.

2. On information and belief, GeoTag is a Delaware Corporation with a place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4. This Court has personal jurisdiction over GeoTag.

5. Subject to Defendants' defenses and denials, venue as to these Counterclaims is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Counterclaimants reincorporate and re-alleges Paragraphs 1-5 of these Counterclaims as if fully set forth herein.

7. In its Complaint, GeoTag alleges that Counterclaimants infringe U.S. Patent No. 5,930,474 ("the '474 Patent").

8. Counterclaimants do not infringe, and at all times relevant hereto have not infringed, any valid or enforceable claim of the '474 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

9. As a result of GeoTag's allegation, an actual controversy has arisen and now exists between the parties as to whether Counterclaimants infringe any claim of the '474 Patent. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

10. Pursuant to 28 U.S.C. § 2201, *et seq.*, a judicial declaration that Counterclaimants do not infringe any valid or enforceable claim of the '474 Patent is necessary and appropriate so that Counterclaimants can ascertain their rights as to the '474 Patent.

11. To the extent the facts disclosed or learned during this case demonstrate that GeoTag filed its complaint or maintained this case with knowledge of the facts set forth in this Counterclaim, Counterclaimants reserve the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

12. Counterclaimants reincorporate and re-alleges Paragraphs 1-11 of these Counterclaims as if fully set forth herein.

13. In its Complaint, GeoTag alleges that Counterclaimants infringe the '474 Patent.

14. The '474 Patent is invalid for failure to comply with one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. As a result of GeoTag's allegation, an actual controversy has arisen and now exists between the parties as to whether the '474 Patent is invalid. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16. Pursuant to 28 U.S.C. § 2201, *et seq.*, a judicial declaration that the '474 Patent is invalid is necessary and appropriate so that Counterclaimants can ascertain their rights as to the '474 Patent.

17. To the extent the facts disclosed or learned during this case demonstrate that GeoTag filed its Complaint or maintained this case with knowledge of the facts set forth in this Counterclaim, Counterclaimants reserve the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

18. Counterclaimants demand a trial by jury on all issues, including those in connection with their Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, having fully responded to GeoTag's Complaint and having asserted their Counterclaims against GeoTag, Counterclaimants request judgment and entry of an order:

(a) Dismissing GeoTag's Complaint with prejudice, with GeoTag taking nothing by way of this action;

(b) Declaring that Counterclaimants have not infringed and do not infringe any claim of the '474 Patent, either directly or indirectly;

(c) Declaring that the '474 Patent is invalid;

(d) If applicable, finding that this is an exceptional case based on GeoTag's conduct and that Counterclaimants are entitled to recover their attorneys' fees and costs under 35 U.S.C. § 285; and

(e) Granting Counterclaimants all further relief that the Court deems just and proper.

/ / /

/ / /

/ / /

Dated: February 3, 2012

Respectfully submitted,

*/s/Brian W. LaCorte*
Brian W. LaCorte (AZ Bar No. 012237)
lacorteb@ballardspahr.com
**BALLARD SPAHR LLP**
One East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: 602.798.5400
Facsimile: 602.798.5595

-and-

William Cornelius
wc@wilsonlawfirm.com
State Bar No. 04834700
**WILSON, ROBERTSON & CORNELIUS, P.C.**
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone: 903.509.5000
Facsimile: 903.509.5091

ATTORNEYS FOR DEFENDANTS/COUNTERCLAIMANTS AMERCO, EMOVE, INC., U-HAUL INTERNATIONAL, INC., U-HAUL LEASING & SALES CO., AND WEB TEAM ASSOCIATES, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 3, 2012.

/s/Brian W. LaCorte
Brian W. LaCorte (AZ Bar No. 012237)
lacorteb@ballardspahr.com
**BALLARD SPAHR LLP**
One East Washington Street, Suite 2300
Phoenix, Arizona  85004
Telephone: 602.798.5400
Facsimile: 602.798.5595