IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:11-cv-421-MHS-CMC |
| AMERCO, et al., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## GEOTAG, INC.'S ANSWER TO
## DEFENDANTS' COUNTERCLAIMS

Plaintiff GeoTag, Inc. ("GeoTag") hereby answers the Counterclaims of Defendants AMERCO, EMove, Inc. ("EMove"), U-Haul International, Inc. ("U-Haul International"), U-Haul Leasing & Sales Co. ("U-Haul Leasing"), and Web Team Associates, Inc. ("Web Team Associates") (collectively, "Defendants") filed on February 3, 2012 (Dkt. 14) by corresponding paragraph number as follows.

## ANSWER TO COUNTERCLAIMS

Unless otherwise addressed herein with an admission, Plaintiff GeoTag generally denies all allegations in the Counterclaims. Each specific allegation is addressed as follows:

## PARTIES

1. AMERCO, EMove, U-Haul International, U-Haul Leasing, and Web Team Associates are Nevada corporations. AMERCO and U-Haul Leasing have their principal place of business at 1325 Airmotive Way, Reno, Nevada 89502. EMove, U-Haul International and Web Team Associates each have their principal place of business at 2721 N. Central Avenue, Phoenix, Arizona 85004.

**ANSWER:** GeoTag does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaims and, therefore, deny the same.

2. On information and belief, GeoTag, Inc. is a Delaware corporation with a place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

**ANSWER:** Denied.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

**ANSWER:** GeoTag admits that this Court possesses jurisdiction over the subject matter of this dispute, but denies the Defendants are entitled to any relief.

4. This Court has personal jurisdiction over GeoTag.

**ANSWER:** Admitted.

5. Subject to Defendants' defenses and denials, venue as to these Counterclaims is proper in this District pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Admitted.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Counterclaimants reincorporate and re-allege Paragraphs 1-5 of these Counterclaims as if fully set forth herein.

**ANSWER:** GeoTag repeats and incorporates by reference the denials and admissions of paragraphs 1 through 5 of the Counterclaims, as if fully set forth herein.

7. In its Complaint, GeoTag alleges that Counterclaimants infringe U.S. Patent No. 5,930,474 (the "'474 Patent").

**ANSWER:** Admitted.

8. Counterclaimants do not infringe, and at all times relevant hereto have not infringed, any valid or enforceable claim of the '474 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

**ANSWER:** Denied.

9. As a result of GeoTag's allegation, an actual controversy has arisen and now exists between the parties as to whether Counterclaimants infringe any claim of the '474 Patent. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** GeoTag admits that an actual controversy exists between the parties but denies the remainder of the allegations of paragraph 9 of the Counterclaims.

10. Pursuant to 28 U.S.C. § 2201 *et seq.*, a judicial declaration that Counterclaimants do not infringe any valid or enforceable claim of the '474 Patent is necessary and appropriate so that Counterclaimants can ascertain their rights as to the '474 Patent.

**ANSWER:** Denied.

11. To the extent the facts disclosed or learned during this case demonstrate that GeoTag filed its Complaint or maintained this case with knowledge of the facts set forth in this Counterclaim, Counterclaimants reserve the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

**ANSWER:** Denied.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

12. Counterclaimants reincorporate and re-allege Paragraphs 1-11 of these Counterclaims as if fully set forth herein.

**ANSWER:**   GeoTag repeats and incorporates by reference the denials and admissions of paragraphs 1 through 11 of the Counterclaims, as if fully set forth herein.

13. In its Complaint, GeoTag alleges that Counterclaimants infringe the '474 Patent.

**ANSWER:**   Admitted.

14. The '474 Patent is invalid for failure to comply with one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Denied.

15. As a result of GeoTag's allegation, an actual controversy has arisen and now exists between the parties as to whether the '474 Patent is invalid.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:**   GeoTag admits that an actual controversy exists between the parties but denies the remainder of the allegations of paragraph 15 of the Counterclaims.

16. Pursuant to 28 U.S.C. §§ 2201 *et seq.*, a judicial declaration that the '474 Patent is invalid is necessary and appropriate so that Counterclaimants can ascertain their rights as to the '474 Patent.

**ANSWER:**   Denied.

17. To the extent the facts disclosed or learned during this case demonstrate that GeoTag filed its Complaint or maintained this case with knowledge of the facts set forth in this Counterclaim, Counterclaimants reserve the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

**ANSWER:**   Denied.

## DEFENDANTS' PRAYER FOR RELIEF

With respect to Defendants' prayer for relief, GeoTag denies that Defendants are entitled to any of the relief sought by their Counterclaims.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

As affirmative defenses, GeoTag alleges as follows:

1. Defendants have failed to state a claim upon which relief can be granted with respect to its counterclaims.

2. Defendants have failed to state facts or a legal basis sufficient to permit recovery of its attorneys' fees or expenses for defending this suit.

3. GeoTag intends to rely upon any other defense that may become available in this case and hereby reserve the right to amend this Answer to assert any such defense.

Dated: February 28, 2012					Respectfully submitted,

               **BUETHER JOE & CARPENTER, LLC**

              By: */s/ Christopher M. Joe*
                Christopher M. Joe (Lead Counsel)
                State Bar No. 00787770
                Chris.Joe@BJCIPLaw.com
                Eric W. Buether
                State Bar No. 03316880
                Eric.Buether@BJCIPLaw.com
                Brian A. Carpenter
                State Bar No. 03840600
                Brian.Carpenter@BJCIPLaw.com
                Niky Bukovcan
                WA State Bar No. 39403
                Niky.Bukovcan@BJCIPLaw.com
                Mark D. Perantie
                State Bar No. 24053647
                Mark.Perantie@BJCIPLaw.com

                1700 Pacific Avenue
                Suite 2390
                Dallas, Texas 75201
                Telephone: (214) 466-1272
                Facsimile: (214) 635-1828

                **ATTORNEYS FOR PLAINTIFF**
                **DIETGOAL INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 28th day of February, 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

                */s/ Christopher M. Joe*
                Christopher M. Joe